IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA STEPHENSON, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 20-443-GBW |
| | : |
| ROBERT MAY, Warden, | : |
| and ATTORNEY GENERAL | : |
| OF THE STATE OF | : |
| DELAWARE, | : |
| | : |
| Respondents. | : |

## MEMORANDUM ORDER

At Wilmington this ___5th___ day of April, 2023, having considered Petitioner's second and incomplete § 2254 petition (D.I. 49) that he filed in the instant proceeding after the Court's denial of his original § 2254 Petition (D.I. 47; D.I. 48);

**IT IS HEREBY ORDERED** that, to the extent Petitioner's second and partially completed petition presents the same arguments challenging his 2015 convictions that the Court already considered and denied, the petition (D.I. 49) is **DISMISSED** as an unauthorized second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (explaining that a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same

conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition).

**IT IS FURTHER ORDERED** that, to the extent the Court should liberally construe the incomplete petition to be a request for a certificate of appealability, the request (D.I. 49) is denied for the same reasons provided in the Court's Memorandum Opinion and Order dated March 9, 2023. (*See* D.I. 47 at 41; D.I. 48)

**IT IS FURTHER ORDERED** that, to the extent the second petition should be liberally construed as a Rule 59(e) motion to reconsider the Court's decision, the motion (D.I. 49) is denied. Rule 59(e) is "a device [] used to allege legal error,"[1] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011); *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v.*

---

[1] *Fiorelli*, 337 F.3d at 288.

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). for being untimely.  Here, the second petition merely re-asserts the same arguments contained in Petitioner's original § 2254 Petition and, therefore, does not provide any reason warranting reconsideration of the Court's dismissal of his original § 2254 Petition.

**IT IS FURTHER ORDERED THAT**, to the extent one is required, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

_____
UNITED STATES DISTRICT JUDGE
